**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIVES BRONX INC., | ) | CASE NO. 1:22-cv-00551 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| KRAFT WERKS ENGINEERING, LLC, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

**I. Procedural History**

On April 4, 2022, Plaintiff Fives Bronx Inc. ("Plaintiff" or "Fives), filed a Complaint against Defendants Kraft Werks Engineering, LLC ("Kraft"), Brian Lombardi, Edward Dray, and Scott Roach. (R. 1). The Court granted a subsequent Motion to Enforce Arbitration with respect to Defendants Lombardi and Roach[1] only. (R. 27). In July of 2023, the parties consented to the jurisdiction of the Magistrate Judge (R. 38), but this matter was returned to the undersigned after the Magistrate Judge's retirement in March of 2024.

On August 26, 2024, the Court permitted Plaintiff to file an amended complaint over the opposition of Defendants. The Amended Complaint added Kraft Werks International, LLC ("KWI"), Kraft Werks Construction Services, LLC ("KWCS") and Kraft Werks Group, LLC

---

[1] Thereafter, all claims against Defendant Roach were dismissed. (R. 54).

("KWG") as Defendants.

Approximately five months later, Plaintiff again moved for leave to amend and attached the proposed Second Amended Complaint with proposed amendments notated. (R. 87; R. 87-1). Plaintiff's motion explains that it "only learned upon taking the deposition of non-party David Giancola on October 15, 2024" that the Kraft Werks Defendants and Defendant Lombardi had knowledge that Defendant Dray had entered a confidentiality and non-competition agreement with Plaintiff, yet they allegedly induced Dray to breach the agreement despite this knowledge. (R. 87, PageID# 1132).[2] The Kraft Werks Defendants and Defendants Dray and Lombardi oppose the motion to amend. (R. 90 & 91). For the reasons set forth below, Plaintiff's Motion for leave to file a Second Amended Complaint (R. 87) is GRANTED.

## II. Motion to Amend Standard

Rule 15 provides that a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The liberal amendment policy embodied in Rule 15(a)(2), however, "is not without limits." *DeCrane v. Eckart*, No. 1:16CV2647, 2018 WL 916520 at *1 (N.D. Ohio Feb. 16, 2018)

---

[2] The changes between the Amended Complaint and the proposed Second Amended Complaint are minimal. It adds three sentences of additional factual allegations in the background section of the proposed complaint (¶¶ 21, 37, 40) that avers Defendant Kraft was aware of Defendant Dray's non-compete and confidentiality agreements through Defendant Lombardi. It also adds three new paragraphs with respect to Count Thirteen (¶¶ 194, 197, 207) and clarifies that it is alternatively alleging a tortious interference with contract claim. (R. 87-1, Exh. A).

2

(Boyko, J.). "But a court need not grant a motion to amend when the reason for amendment is improper, 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737-38 (6th Cir. 2022) (citations omitted)), *cert. denied*, 143 S. Ct. 527, 214 L. Ed. 2d 302 (2022). An amendment is futile where the proposed changes "could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (*quoting Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

### III. Analysis

The Court is mindful of the liberal amendment policy of Rule 15(a)(2). It is true that Plaintiff has already been afforded an opportunity to amend the Complaint. Nevertheless, the minimal nature of the proposed amendments, ostensibly based on newly learned information just a month earlier, should result in only a minimal expenditure of cost and effort by Defendants. Though Defendants oppose the requested leave to amend, they only generally point to the age of this case, and suggest Plaintiff has been sluggish in its discovery efforts to date. While it appears that *all* parties could be more attentive of their discovery obligations, the Court perceives no evidence of bad faith or dilatory motive by Plaintiff. Defendants' opposition briefs also have not meaningfully identified any undue prejudice.

Plaintiff's proposed amendments seek to clarify that Count Thirteen's Tortious Interference with Business Relationship claim also contains a Tortious Interference with Contract claim. (R. 87-1, PageID# 1175). While these two claims are related, they are separate torts and some clarification as to the causes of action asserted is warranted.

> Ohio law recognizes claims for tortious interference with a contract as well as for tortious interference with a business relationship. *Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1102 (6th Cir. 2012). To prove a claim of tortious interference with a contract under Ohio law, a plaintiff must show " '(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages.' " *Id*. (quoting *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F.Supp.2d 925, 942 (S.D. Ohio 2012)). "The elements of a claim for tortious interference with business relationships are almost identical, the main distinction being 'that interference with a business relationship includes intentional interference with prospective contractual relations, not yet reduced to a contract.' " *Id*. (quoting *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 774 N.E.2d 775, 780-81 (2002) (internal quotation marks omitted))

*BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F. Supp. 3d 552, 557–58 (N.D. Ohio 2021) (emphasis omitted) (Barker, J.)

The Court cannot find that Defendants having to refile their Answers with minor alterations and reassert existing counterclaims would unduly prejudice them. Thus, the motion for leave to amend will be permitted. However, any further requests for leave to amend would require substantial justification. The parties are encouraged to proceed efficiently in their continued discovery and with some haste. Plaintiff's motion for leave asserted that "this amendment will not impact the current case management schedule and only supplements the allegations to existing claims in the case, regarding Defendants' knowledge of Dray's contractual obligations and business relationship with [Fives]." (R. 87, PageID# 1135). As such, extensions based on the granting of this motion are not to be expected.

Plaintiff's Motion for leave to file a Second Amended Complaint (R. 87) is GRANTED.

### IV. Pending Motion to Dismiss Counterclaims of Defendant KWI

Also pending is Plaintiff's motion to dismiss the three counterclaims filed by Defendant

4

KWI. (R. 86). In its opposition brief, "KWI acknowledge[d] that its current pleading does not state a claim for violation of [Ohio] R.C. 4165.02(A)(10) and hereby abandons the claim." (R. 88, PageID# 1261). Therefore, Plaintiff's motion to dismiss is GRANTED with respect to KWI's Counterclaim Count Three only.

With respect to the remaining two counterclaims, it bears noting that Defendant KWI filed a complaint against Plaintiff in Stark County Common Pleas Court on June 5, 2024—almost three months before Plaintiff added KWI as a defendant in the First Amended Complaint. (R. 63, 86-1). Plaintiff seeks dismissal of these two counterclaims pursuant to Rule 12(b)(6), and alternatively moves to stay the counterclaims under the *Colorado River* doctrine "until such time KWI or the state court dismisses the improperly filed State Action as asserting claims that are compulsory to [Fives'] claims in this action." (R. 86, PageID# 926). Defendant KWI's opposition brief confirms that Plaintiff's "assertion that the Counterclaim should be stayed based on the *Colorado River* doctrine has merit" and KWI does not oppose staying the counterclaims while the state court considers pending dispositive motions. (R. 88, PageID# 1261).

Given the Court's decision to allow Plaintiff leave to file a Second Amended Complaint, which will necessitate an Amended Answer and possibly renewed counterclaims from Defendant KWI, the Court declines to rule on Plaintiff's motion to dismiss the First and Second Counterclaims. The remainder of Plaintiff's motion (R. 86) is DENIED without prejudice as moot.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for leave to file a Second Amended Complaint (R. 87) is GRANTED. Plaintiff must file the proposed Second Amended Complaint as a free-standing document within seven (7) days of this Order.

Plaintiff's Motion to Dismiss Counterclaims of Defendant KWI (R. 86) is GRANTED in part and DENIED in part. Specifically, it is GRANTED with respect to Count Three, which is hereby dismissed, but DENIED *without prejudice* as moot with respect to Counts One and Two. Once Plaintiff files the Second Amended Complaint, Defendants must respond within the time set forth by the Federal Rules of Civil Procedure and the Local Rules.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: August 20, 2025